NO. 07-08-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2010
_____

MARK EDWARD BOLLES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19606-C; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Mark Edward Bolles, was convicted of two counts of possession of child pornography[1] and subsequently sentenced to six years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) on each count, with the sentences to be served concurrently. By one issue, appellant contends that appellant was denied due process and a fair trial when the trial court permitted the introduction of other material during the guilt-innocence phase of the trial. We affirm.

_____

[1] See TEXAS PENAL CODE ANN. § 43.26(a) (Vernon 2003).

Factual and Procedural Background

In November 2007, appellant was working for Joe Virden at Virden Perma-Built in Amarillo, Texas. Appellant had been living at a shelter located in Amarillo. Joe Virden offered to allow appellant to live in the attic of one of the buildings on the business site. Additionally, Virden gave appellant access to a bathroom and a television within the offices of Virden Perma-Built. The computer for the operation of the business was located in the same office area as the television. On Sunday, January 6, 2008, Virden came to the office to work on a special order. When Virden booted up the computer, numerous hard core pornographic images appeared. Virden immediately suspected appellant of misusing the office computer and went to the attic area where appellant slept. Virden fired appellant on the spot and ordered him off the premises. To assist appellant, Virden provided a number of commercial size trash bags for appellant's personal belongings. Appellant's only means of transportation was a bicycle and he could not carry all of the trash bags at one time.

The next day, when Virden came to the office, he found appellant sleeping in the attic. Again, appellant was ordered off of the property. Later the same day, Virden's daughter, Terri Harris, was checking the inventory of PVC pipe in a shed located on the property. While checking the inventory in the shed, Harris saw a number of items that did not appear to belong. Harris notified Virden, who came to the shed to investigate. One item found in the shed was a white plastic trash bag. In an attempt to identify what was in the bag and who it belonged to, Virden looked through the material and discovered pornographic material. Virden then notified the Amarillo Police, who dispatched officers. The initial officer, Supina, viewed the material and requested that a

detective specializing in crimes against children be dispatched. Cpl. Brian Wallace then went to the Perma-Built site and looked through the material. Wallace testified that he found photographs that he recognized as child pornography. After viewing a few of the items, Wallace asked for permission to search the shed for additional evidence. During this search, Wallace found the two pictures that were the basis of appellant's indictments. In addition to the pictures, a number of documents belonging to and in the name of appellant were found. Additionally, there were computer generated pictures of young girls engaged in various sexual acts, magazine advertisements of children with the heads and faces cut out, adult pornography, and a spiral notebook with handwritten sexually explicit stories about young females.

The next day, January 8, 2008, police were called to an abandoned apartment complex, Jackson Square Apartments. An alarm had gone off and the manager of the property reported that appellant, who had been a tenant, was trespassing. Officers found appellant in one of the abandoned apartments. Appellant was arrested for trespassing and taken to jail. On the way to jail, appellant engaged the transporting officer in a conversation. At this time, without apparent questioning by the officer, appellant explained that he was trespassing because he had been kicked out at Virden Perma-Built. He told the officer he had left some items of personal property in a white trash bag on the Perma-Built property and hoped to be allowed to retrieve the property. Appellant also advised the officer that he was addicted to pornography and liked the subjects younger and younger. A search of the apartment where appellant was located revealed more of the same type of material found in the pipe shed at Virden Perma-

Built.  Additionally, the police were able to lift two fingerprints from inside the apartment that were identified as appellant's.

Although appellant was initially indicted on three counts of child pornography, the State abandoned the second count and proceeded to trial on the other two counts. Each of the remaining counts alleged a specific picture that consists of a child younger than 18 years of age engaging in sexual conduct, either sexual intercourse or deviant sexual intercourse.  During the voir dire phase of the trial, appellant's trial counsel questioned the prospective jurors about the necessity of the State proving that the picture was of a child younger than 18 years.  Additionally, appellant's trial counsel discussed the difficulty the jurors might have in making a determination of the age of a person as reflected in a black and white picture.  During opening arguments, the defensive theory became even clearer.  Trial counsel asserted that the jury would not see one piece of evidence produced by the State proving that the person depicted in the pictures was actually a child.  Further, appellant's trial counsel asserted that the State could produce no one who would say who the children were or their age.

During the State's case in chief, along with the two photos that appellant was indicted for, a number of non-pornographic photos of children, some with the heads cut out, photos of adult pornography, computer generated pictures depicting children in various sexual acts, termed "child erotica" and "child anime," and hand written sexually explicit stories involving young girls were offered into evidence.  Appellant's trial counsel objected to the introduction of these additional materials under Rules 403 and 404 of

4

the Texas Rules of Evidence.  <u>See</u> Tex. R. Evid. 403 & 404.[2]  The trial court overruled the objections.

After the evidence was presented, the trial court prepared its charge to the jury. The Court's Charge contained a paragraph admonishing the jury that,

> In reference to evidence, if any, that the defendant has previously participated in other crimes, wrongs or acts, other than that which is charged in the indictment in this case, you are instructed that you cannot consider such other crimes, wrongs, or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in or committed such other crimes, wrongs, or acts, if any, and even then you may only consider the same for purposes of determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if it does, and for not other purposes.

During closing arguments, the State referenced the disputed evidence when addressing the issue of proof that the pictures were of children and appellant's knowledge that they were of children.  Appellant argued that the State had failed to carry its burden of proof regarding whether or not the pictures for which appellant was indicted were in fact those of children under 18 years of age.  Ultimately, the jury convicted appellant of possession of child pornography and, after hearing the evidence on punishment, the court sentenced appellant to six years confinement in the ID-TDCJ, with the sentences to run concurrently.

Appellant frames his single issue in terms of a denial of due process and a fair trial by the admission of the extraneous matters by the trial court.  We disagree with appellant and will affirm the judgment of the trial court.

---

[2] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___" or "rule ___."

Analysis

Standard of Review

Appellant is complaining of the trial court's action in allowing certain evidence to come before the jury. At trial, appellant's objection was based upon Rule 404(b) and Rule 403 of the Texas Rules of Evidence. See TEX. R. EVID. 404(b), 403. Accordingly, we treat appellant's issue as an evidentiary issue and not a constitutional issue. See George v. State, 959 S.W.2d 378, 382 (Tex.App.--Beaumont 1998, pet. ref'd); Martin v. State, 176 S.W.3d 887, 897 (Tex.App.--Fort Worth 2005, no pet.).

Texas Rule of Evidence 404(b) prohibits the admission of evidence of extraneous offenses committed by the defendant for the purpose of proving that, on the occasion in question, the defendant acted in conformity with the character demonstrated by the other bad acts. See Rule 404(b), Santellan v. State, 939 S.W.2d 155, 168 (Tex.Crim.App. 1997). The rule also provides exceptions to this principle when evidence is admitted to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b). If the opponent of extraneous offense evidence objects on the grounds that the evidence violates Rule 404(b), the proponent must satisfy the trial court that the extraneous offense evidence has relevance apart from its character conformity value. See id.; Montgomery v. State, 810 S.W.2d 372, 387 (Tex.Crim.App.1990) (op. on reh'g). If the trial court determines the evidence has no relevance apart from supporting the conclusion that the defendant acted in conformity with his character, it is absolutely inadmissible. See Santellan, 939 S.W.2d at 169. On the other hand, extraneous offense evidence is admissible if the proponent persuades the trial court that the extraneous offense evidence tends to

6

establish some elemental or evidentiary fact or that it rebuts a defensive theory. See id. at 168-69; Montgomery, 810 S.W.2d at 387-388. The trial court's determination of whether other bad act evidence has relevance apart from character conformity is reviewed for an abuse of discretion. See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (the standard of review on a trial court's evidentiary ruling is an abuse of discretion standard); Montgomery, 810 S.W.2d at 394. As long as the trial court's ruling was within the zone of reasonable disagreement, there is no abuse of discretion and the trial court's ruling will be upheld. Santellan, 939 S.W.2d at 169. Once the trial judge has ruled on whether the evidence is relevant beyond its character conformity value, he has ruled on the full extent of the opponent's Rule 404(b) objection. Id.

The opponent must then make a further objection based on Rule 403, in order for the trial judge to weigh the probative and prejudicial value of the evidence. Id. To exclude extraneous offense evidence under Rule 403, the opponent must specifically request a Rule 403 ruling. See Montgomery, 810 S.W.2d at 388.

In the case before the court, appellant's trial counsel did further object to the admission of the evidence under Rule 403. As in the Rule 404(b) arena, we will again apply an abuse of discretion standard in analyzing the trial court's decision to admit this evidence over a Rule 403 objection. See Montgomery, 810 S.W.2d at 391. In conducting the balancing test regarding admissibility, the trial court must balance 1) the inherent probative force of the proffered item of evidence along with 2) the proponent's need for that evidence against 3) any tendency of the evidence to suggest decision on an improper basis, 4) any tendency of the evidence to confuse or distract the jury from

7

the main issue, 5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and 6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. See Casey v. State, 215 S.W.3d 870, 880 (Tex.Crim.App. 2007).

Rule 404(b)

Initially appellant contends that the photographs and written materials admitted by the court were inadmissible under Rule 404(b) because they only demonstrated character conformity. Rule 404(b); Santellan, 939 S.W.2d at 169. However, the record reveals that during voir dire, opening statements, questioning of witnesses and closing arguments, appellant's trial counsel consistently pounded on one theme. That theme was that, there was no evidence produced, or that could be produced, concerning the age of the person depicted in State's exhibits 9 and 10. One of the reasons that extraneous offense material may be admitted is to rebut a defensive theory put forth by the defendant. Id. The extraneous pictures and stories were almost totally pictures of young children or stories about young children. This supports the State's theory that appellant knew exactly what he had in his possession and the extraneous pictures and stories are admissible for that reason. Id. Additionally, the State was required to prove that appellant possessed the offending pictures intentionally or knowingly. See TEX. PENAL CODE ANN. § 43.26(a) (Vernon 2003).[3] A person acts intentionally when it is conscious objective or desire to engage in the conduct or cause the result. § 6.03(a). A person acts knowingly when he is aware of the nature of his conduct or that the

_____

[3] Further reference to the Texas Penal Code will be by reference to "§ ___."

8

circumstances exist, or when he is aware that his conduct is reasonably certain to cause the result. § 6.03(b). Normally, the culpable mental state required by a penal statute is proven by circumstantial evidence. See Krause v. State, 243 S.W.3d 95, 111 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd). If appellant is, via his argument at the trial court, claiming a lack of intent to possess or lack of knowledge that the materials possessed were child pornography, then these are avenues for the admission of the extraneous materials. See Johnson v. State, 932 S.W.2d 296, 302 (Tex.App.--Austin 1996, pet. ref'd). The possession of similar type of material, the pictures of children, the child "erotica" or "anime," and the handwritten stories about children, are circumstances the jury was entitled to consider as circumstantial evidence to show intent. Therefore, we rule that the extraneous pictures were admissible as exceptions under Rule 404(b). Appellant's issue is overruled.

Rule 403

However, this does not end the inquiry. We must now consider whether or not the evidence although relevant and, therefore, admissible, should have been disallowed due to the probative value of the evidence being substantially outweighed by the danger of unfair prejudice. Rule 403. There is a presumption that evidence which is deemed to be relevant is admissible. See Casey, 215 S.W.3d at 879. Further, "'probative value' refers to the inherent probative force of an item of evidence-that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation-coupled with the proponent's need for that item of evidence." Id. Unfair prejudice refers not to the fact that the evidence injures a party's case or position, as virtually all evidence offered by one party will prejudice the opponent's case or position.

9

Id. at 883. Evidence is unfairly prejudicial when it tends to have some adverse effect upon the defendant beyond tending to prove the fact or issue that justifies its admission into evidence. Id.

In analyzing the current case, the first matter is the inherent probative force of the evidence. Id. at 879. The various pictures of children, the child "erotica" and "anime," and the handwritten stories were highly probative of the fact that appellant had a fascination or preoccupation with children. Appellant's defensive theory was the lack of proof of the very issue these items tended to prove. Therefore, the probative force of the evidence in question is significant. Next, the proponent's need for the evidence must be examined. Id. at 888. As pointed out previously, appellant's trial position was that the State could offer no proof that the pictures actually portrayed children. Therefore, appellant's knowledge of, and preoccupation with, pictures of children, both those that might be termed pornographic and otherwise, was critical to proving the State's case. This consideration would heavily favor admission of the evidence. From the aspect of the subject matter of the trial, the evidence in question did not distract the jury from their main inquiry, nor, did the evidence create a situation where the jury would give undue credence to this evidence. Id. This is because the evidence appellant complains of was much less graphic and disturbing than the pictures for which he was indicted. These factors favor admission of the evidence. Although the evidence in question took some time to introduce, especially when compared to introduction of the two photos charged in the indictment, the time did not seem to be inordinate. In the worst case situation, the time factor should be considered neutral. Whereas the trial judge did not announce the results of his balancing test, he is not required to do so.

See Williams v. State, 958 S.W.2d 186, 195 (Tex.Crim.App. 1997). When a judge rules to admit evidence in face of a Rule 403 objection, he is presumed to have made the required balancing test. Id.

There were some pictures that contained adult pornographic material. These pictures were seized at the same time as the pornographic pictures of children, child anime or erotica, and the handwritten stories. The State contends that the adult pornographic material must be considered same transaction contextual evidence. See Delgado v. State, 235 S.W.3d 244, 253 (Tex.Crim.App. 2007). We need not address the adult pornography because, taking all of the information as a whole, the introduction of the evidence was harmless beyond a reasonable doubt. This is so because the trial court's error, if any, in admitting the evidence made no contribution to the guilty verdict or punishment in this case. See Pondexter v. State, 942 S.W.2d 577, 585 (Tex.Crim.App. 1996).

Based upon our review of the record and analysis of the evidence in question, we cannot say that the trial court abused its discretion when it admitted the contested items. Accordingly, appellant's issue regarding the Rule 403 objection is overruled.

Conclusion

Having overruled appellant's issue, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice

Do not publish.

11